UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

———————————————————————————

PAUL RADDATZ,

        Plaintiff,

v.                                         Case No. 07-CV-1020

BAX GLOBAL, INC.,

        Defendant.

———————————————————————————

## ORDER

This matter comes before the court on Bax Global, Inc.'s ("Bax Global") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court will deny Bax Global's motion to dismiss and at the same time will grant Raddatz's request for leave to amend his complaint consistent with this order.

## BACKGROUND

Paul Raddatz, a shoe manufacturer and leather distributor, brings this suit to recover damages resulting from Bax Global's transportation of a shipment of elephant leather. Raddatz and Bax Global entered into an agreement whereby Bax Global was to ship 19 bails of elephant leather from Harare, Zimbabwe, to Raddatz in Chicago, Illinois. This shipment was to arrive on May 2, 2006. Two unrelated bails of elephant leather belonging to a third party were also included in the shipment forwarded by Bax Global. These extra bails resulted in United States governmental agencies refusing to release the shipment. Raddatz claims that Bax Global failed to take steps to correct the non-release of the shipment, which was not available for

delivery until July 17, 2006. Raddatz also claims that this delay resulted in a termination of a thirty-year relationship with one of his elephant leather customers in addition to lost profits. Raddatz sets forth two causes of action: negligence and breach of contract. After removing this case from Waukesha County Circuit Court pursuant to this court's jurisdiction under 28 U.S.C. § 1332, Bax Global moved to dismiss the action and argues that the Warsaw Convention preempts any common law claims and, therefore, his complaint should be dismissed.

## ANALYSIS

Pursuant to Rule 12(b)(6), a court should dismiss a complaint if it is clear that the plaintiff can prove no set of facts consistent with the complaint that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46(1957); *Hernandez v. City of Goshen, Indiana,* 324 F.3d 535, 537 (7th Cir. 2003). Additionally, a court must construe the complaint liberally and should view the allegations in the light most favorable to the plaintiff. *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). On a motion to dismiss , the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.,* 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir. 1991) (quoting *Conley*, 355 U.S. at 45-46 (1957)).

Bax Global argues that the claims must be dismissed because they are preempted by the Warsaw Convention; therefore, Raddatz can set forth no facts that

are consistent with the complaint that would entitle him to relief. Raddatz argues that his claims are not preempted by the Warsaw Convention, and, even if they were, he requests leave to amend his complaint.

The Warsaw Convention applies to "all international transportation of persons, baggage, or goods performed by any aircraft for hire." *See* 49 U.S.C. § 40105. The Warsaw Convention was drafted at international conferences in Paris in 1925, and more than 120 nations, including the United States, are signatories. *Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 246 (1984). Although the Warsaw Convention has been amended since its original passing, the Seventh Circuit has recently stated that the two primary goals of the Convention remain the same: (1) to create a uniformity in the airline industry with regard to the applicable law for claims arising out of international air travel; and (2) to limit an air carrier's potential liability and a claimant's damages in the event of an accident covered by the Warsaw Convention. *See Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 779 (7th Cir. 2008).

It is clear that goods transported pursuant to an air waybill, in this case the elephant hides, are subject to the provisions of the Warsaw Convention. *See* Warsaw Convention Arts. I, 8, and 10; (*see also* Def.'s Mot to Dismiss, Exh. 2-A.) The air waybill for the transport of the elephant hides contains boilerplate language and references the Warsaw Convention and notes that it may govern the parties' liability and damages. (Def.'s Mot. to Dismiss, Exh. 2-A.) Under Article 18 of the Warsaw Convention:

> (1) The carrier shall be liable for damage sustained in the event of the destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air.
> (2) The transportation by air within the meaning of the preceding paragraph shall comprise the period during which the baggage or goods are in charge of the carrier, whether in an airport or on board an aircraft, or in the case of a landing outside an airport, in any place whatsoever.
> (3) The period of the transportation by air shall not extend to any transportation by land, by sea, or by river performed outside an airport. If, however, such transportation takes place in the performance of a contract for transportation by air, for the purpose of loading, delivery or transshipment, any damage is presumed, subject to proof to the contrary, to have been the result of an event which took place during the transportation by air.

Raddatz's complaint does not mention the Warsaw Convention; rather, it sets forth a negligence and breach of contract claim for the untimely shipment and release of elephant hides. Raddatz maintains that the late release of elephant hides caused damages to his business and resulted in loss profits from third-party customers.

The Supreme Court has held that the Warsaw Convention preempts state law and precludes actions under local law when a claims does not meet the requirements for liability under the Warsaw Convention. *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng,* 525 U.S. 155, 175-76 (1999). Courts analyzing the Warsaw Convention and its twin goals, imposing strict liability on carriers with limited damage recovery to complaints, have reached somewhat differing conclusions as to just how broad the Convention's preemptive sweep is, particularly under the holding of *El Al.* In *Pennington v. British Airways*, 275 F. Supp. 2d. 601 (E.D.Pa. 2003), the court held that the "hybrid scheme" of the Warsaw Convention is "both preemptive and comprehensive in sweep," and "once a court determines that the action is one for

personal injury within the scope of the Warsaw Convention, it must dismiss all state law claims as preempted, and allow a plaintiff to proceed only on claims cognizable under the Convention." *Pennington*, 275 F. Supp. 2d at 603-04. The Seventh Circuit has recently held that, although it may be broad, this preemption is not complete; "'auxiliary issues'" not addressed by the Convention . . . are left to domestic law." *Sompo,* 522 F.3d at 781. In *Sompo,* the Seventh Circuit recognized that certain state setoff and contribution laws, which were not central to a cause of action under the Warsaw Convention, were not preempted by the Convention. *Id.* at 782.

Furthermore, a growing number of courts have interpreted the language in the Warsaw Convention as preempting state law, but only to the extent that state law allows for broader recovery than is set forth in the Warsaw Convention. *See, e.g., Motorola, Inc. v. Kuehne & Nagel, Inc.,* 208 F.Supp.2d 910, 912 (N.D.Ill. 2002). Stated another way, the Warsaw Convention limits damage recovery; a complainant may set forth state law claims, but if the Warsaw Convention applies, it will function to limit recovery. *See id.* The Seventh Circuit has endorsed this view by citing the actual language in the Warsaw Convention at Article 24, which states: "[i]n the carriage of passengers and baggage, any action for damages, however founded, can only be brought subject to the conditions and limits set out in this convention." Warsaw Convention Art. 24(1). "Article 24 contemplates that an action may be brought in contract or in tort. The liability limitation provisions of the Warsaw Convention simply operate as an affirmative defense." *Sompo*, 522 F.3d at 785. The court finds this interpretation of the Warsaw Convention the most practicable and

-5-
Case 2:07-cv-01020-JPS   Filed 06/16/08   Page 5 of 7   Document 15

reasonable, particularly in light of the goals the Convention attempts to achieve: uniformity in international practice and limitations on liability. *See id.*

Therefore, the court determines that on the face of the complaint, in addition to the attached air waybill, it is clear that the Warsaw Convention applies to this action. *See, e.g., B.R.I. Coverage Corp v. Air Canada*, 725 F. Supp. 113, 135 (E.D.N.Y. 1989) (noting that parties may incorporate by reference the applicability of the Warsaw Convention by the terms of the air waybill). That is, consistent with the Seventh Circuit's remarks in *Sompo*, Raddatz would be limited in recovery in accordance with the Warsaw Convention. Accordingly, the court is constrained to deny Bax Global's motion to dismiss the complaint. Raddatz has theoretically raised a claim upon which relief may be granted; as stated in the court's discussion above, the Warsaw Convention does not prevent his action, it only seems to limit his recovery.

Raddatz requested leave to amend his complaint to conform with the Warsaw Convention. Accordingly, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the court will grant Raddatz' request to amend his complaint. Rule 15(c) of the Federal Rules of Civil Procedure provides in relevant part that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). Under Article 29 of the Warsaw Convention, the "right to damages shall be distinguished if an action is not brought within 2 (two) years, reckoned from the date of arrival at the destination, or from the date on which the

aircraft ought to arrived." Note following 49 U.S.C. § 40105. Article 29 further states that "[t]he method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted." *Id.* Once a case has been removed to federal court, the complaint is subject to federal pleading rules. *See Fine Jewelry, Inc. v. Paddock Publications, Inc.*, 443 F. Supp. 2d 976, 978 (N.D.Ill. 2006). But for the relation-back rule of 15(c), Raddatz's action would be untimely; however, the court finds that Rule 15(c) applies to any amendments to Raddatz's original complaint and his cause of action would be timely under the two-year limitation period set forth in the Warsaw Convention.

Accordingly,

**IT IS ORDERED** that Bax Global's motion to dismiss pursuant to Rule 12(b)(6) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Raddatz will have 30 days within the docketing of this order to, consistent with the directions of this order, amend his complaint to include a cause of action under the Warsaw Convention.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge